United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30066
Summary Calendar

_____

DORIS WHITE BOLDEN, ET Al.,

Plaintiffs,

versus

NATIONAL RAILROAD PASSENGER CORPORATION, ETC; ET AL.,

Defendants.

*******************************************************************

MARK RAYMOND LAPAPA,

Plaintiff-Appellant,

versus

NATIONAL RAILROAD PASSENGER CORPORATION, doing business as
Amtrak; CANADIAN NATIONAL/ILLINOIS CENTRAL RAILROAD COMPANY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-1125
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Lapapa argues that the district court erroneously denied his

motion to alter or amend judgment, alternatively for a new trial,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

after the jury awarded him $5,577.47.  The district court did not abuse its discretion in denying the motion to alter or amend judgment after concluding that sufficient evidence supported the jury's finding that Lapapa's injuries pre-existed and were not exacerbated by the train derailment and may have been caused by an intervening event.  See Weber v. Roadway Exp., Inc., 199 F.3d 270, 275-76 (5th Cir. 2000).  For the same reason, the district court did not abuse its discretion in denying a new trial.  See Young v. City of New Orleans, 751 F.2d 794, 798 (5th Cir. 1985); Munn v. Algee, 924 F.2d 569, 578 (5th Cir. 1991) (holding that we will not grant a new trial on damages unless factfinder's award is "so inadequate as to shock the judicial conscious and raise an irresistible inference that passion, prejudice, corruption, or other improper cause invaded the trial").

Lapapa contends, independently of and in connection with the above motions, that the district court erred in admitting defendants' evidence of an alleged intervening cause because an argument of intervening cause is an affirmative defense, which defendants failed to list in the pre-trial order.  The court did not err because Lapapa did not object during trial and was not unfairly surprised by the evidence used to establish the defense — documents listed in the pre-trial exhibit list.  See Haught v. Maceluch, 681 F.2d 291, 305-06 (5th Cir. 1982) (finding implied consent to try issues beyond the pleadings where party does not object); Giles v. Gen. Elec. Co., 254 F.3d 474, 491-92 (5th Cir.

2001) (excusing technical non-compliance with Rule 8(c), which requires party to list affirmative defenses in pre-trial order, where there is no unfair surprise).

To the extent Lapapa argues that insufficient evidence supported the defense, such that no reasonable jury could have found an intervening cause, we disagree.  Lapapa contends that defendants' only evidence of the mugging were medical records stating that he had mentioned a "mugging;" he argues that if he made this statement, he made it while delusional, and he notes that he denied on the stand that a mugging had occurred, explaining that he had cut his hand during an episode in his apartment.  On appeal, he presents new evidence that the incident relied on by defendants was actually a psychotic episode in his apartment, after which a New Orleans SWAT team forcibly removed him from his apartment.  We cannot consider this new evidence. See Theriot v. Parish of Jefferson, 185 F.3d 477, 491 n.26 (5th Cir. 1999).  Given Lapapa's admitted mental problems and the evidence actually presented, which included a colloquy hinting that the "mugging" might have actually been the forcible extraction by the police, the jury was entitled to weigh the credibility of the witnesses to find that a mugging, or some later event that preceded the hospital visit where Lapapa mentioned a "mugging," was the intervening cause.  See Young, 751 F.2d at 799.

Accordingly, the jury's award of damages is AFFIRMED and Lapapa's motion to strike portions of appellee's brief regarding "mugging" is DENIED.

Lapapa states that, due to Hurricane Katrina, the district court has not acted on his motion for costs, filed August 2, 2005. This issue is not appropriately on appeal and Lapapa can pursue that motion in the district court.